

**ORDERED in the Southern District of Florida on May 22, 2026.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

DAVID ANTHONY VRANICAR,                          Case No. 25-19564-PDR

                                                 Chapter 7

      Debtor.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**MOTION TO ENFORCE DISCHARGE INJUNCTION**

This case begins with a creditor who was given no formal notice of a bankruptcy

that directly threatened his rights. He was not listed on the schedules. He was not

notified by the Bankruptcy Court. The litigation he was actively prosecuting against

the Debtor was not disclosed in the Statement of Financial Affairs. Those omissions were serious, and they were the Debtor's fault.

But one day after the petition was filed, a Suggestion of Bankruptcy appeared in that very litigation. It identified this as a Chapter 7 case and provided the bankruptcy case number. The creditor and his counsel received it nearly three months before the deadline fixed by Rule 4007(c) to file a complaint seeking a determination of nondischargeability.

Under § 523(a)(3)(B) and controlling Eleventh Circuit precedent, that was enough.[1] Actual knowledge of the bankruptcy case imposed a duty to inquire and act.[2]

The creditor did neither. The debt was discharged.

That result may feel harsh to the creditor whose lack of formal notice traces entirely to the Debtor's own omissions. The Eleventh Circuit acknowledged the harshness in *Alton* and applied the rule anyway. This Court is bound to do the same.

The Court reaches a different conclusion on sanctions. The Debtor's omissions — from the schedules, from the Statement of Financial Affairs, and through later amendments — created a fair ground of doubt about whether the discharge injunction applied to the creditor's claim. That doubt does not save the claim. But under the Supreme Court's standard in *Taggart v. Lorenzen*, it forecloses contempt.[3]

---

[1] *See In re Alton*, 837 F.2d 457 (11th Cir. 1988).

[2] *See id.* at 459-61; *TL90108 LLC v. Ford*, 147 F.4th 1351, 1361-62 (11th Cir. 2025).

[3] *Taggart v. Lorenzen*, 587 U.S. 554, 561-62 (2019).

### I. Background

The Debtor filed this Chapter 7 case on August 18, 2025. The Court issued its notice of commencement of case, established the first date set for the § 341 meeting of creditors, and fixed November 17, 2025 as the deadline for filing complaints to determine dischargeability under Rule 4007(c).

The Debtor filed his schedules and Statement of Financial Affairs on September 8, 2025.[4] The schedules listed numerous creditors and reflected liabilities exceeding one million dollars. They also disclosed other litigation-related obligations. Cheley was not listed as a creditor.

At the time of the bankruptcy filing, Cheley was actively prosecuting claims against the Debtor in the United States District Court for the Southern District of Florida.[5] The litigation was pending, active, and directly involved the Debtor.

The Debtor also omitted the District Court litigation from the Statement of Financial Affairs, notwithstanding the separate requirement to disclose it. Later amendments likewise did not add Cheley as a creditor.[6] The omission therefore appeared in more than one place and persisted beyond the original filing.

At the hearing, Debtor's counsel candidly acknowledged that Cheley should have been scheduled and that the District Court litigation should have been disclosed in the Statement of Financial Affairs. Counsel further stated that the omission

---

[4] Dkt. No. 13.

[5] *Cheley v. Vranicar et al.*, Case No. 0:24-cv-62206-EA (S.D. Fla.).

[6] Dkt. No. 29.

resulted from counsel's error, not from any decision by the Debtor to conceal Cheley. The Court appreciates counsel's candor, but counsel's statement is not evidence. The Court also notes that the Debtor signed the schedules and Statement of Financial Affairs under penalty of perjury. Whether the Debtor's omission was innocent, negligent, reckless, or intentional remains an open question. The Court, however, need not decide that issue because, for the reasons explained below, the answer would not change the legal result on the motion before the Court.

On August 19, 2025, one day after the bankruptcy petition was filed, a Suggestion of Bankruptcy was filed in the District Court action.[7] The Suggestion identified the bankruptcy case, identified it as a Chapter 7, and provided the bankruptcy case number.

There is no genuine dispute that Cheley and his counsel received the Suggestion. There is likewise no genuine dispute that the Suggestion was filed nearly three months before expiration of the Rule 4007(c) deadline to file a complaint seeking a determination of nondischargeability.

Cheley did not file any such complaint. Cheley also did not move to extend the Rule 4007(c) deadline before it expired. The Chapter 7 trustee filed a report of no distribution. No claims bar date was established because this was a no-asset case. The Court later entered the Debtor's discharge.

After entry of discharge, Cheley continued the District Court litigation and obtained a verdict against the Debtor. The Debtor then filed the present motion

---

[7] District Court Dkt. No. 93, *Cheley v. Vranicar et al.*, Case No. 0:24-cv-62206-EA (S.D. Fla.).

seeking enforcement of the discharge injunction, civil contempt, injunctive relief, sanctions, damages, and attorneys' fees.

## II. Jurisdiction

The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under § 157(b)(2)(I) and (O) because it requires the Court to determine the scope and effect of the Debtor's discharge, the applicability of the discharge injunction, and whether contempt sanctions are appropriate for alleged violation of that injunction.[8] The Court also has authority to interpret and enforce its own discharge order.[9]

## III. Legal Standard

A Chapter 7 discharge voids any judgment to the extent that judgment determines the personal liability of the debtor on a discharged debt.[10] The discharge also operates as an injunction against any act to collect, recover, or offset a discharged debt as a personal liability of the debtor.[11] The discharge injunction is therefore powerful, but it is not self-defining. Before the Court may enforce the injunction, it must determine whether the debt at issue was discharged.

A. Section 523(a)(3)

---

[8] 28 U.S.C. § 157(b)(2)(I), (O).

[9] *McLean v. Greenpoint Credit, LLC*, 794 F.3d 1313, 1318-19 (11th Cir. 2015).

[10] 11 U.S.C. § 524(a)(1).

[11] 11 U.S.C. § 524(a)(2).

Section 523(a)(3) addresses debts that were neither listed nor scheduled in time to permit a creditor to protect its bankruptcy rights. It contains two distinct subparts.

Subsection (A) applies to debts not of the kind described in § 523(a)(2), (4), or (6). It focuses on whether omission deprived the creditor of a timely opportunity to file a proof of claim.[12]

Subsection (B) applies to debts of the kind described in § 523(a)(2), (4), or (6). It protects not only the creditor's opportunity to file a proof of claim, but also the creditor's opportunity to timely request a determination of nondischargeability. The statute then contains a saving clause: the debt is discharged if the creditor had notice or actual knowledge of the bankruptcy case in time to make the required filing and request.[13]

That saving clause controls this case. Cheley contends that his claim is of the kind described in § 523(a)(6), and that the debt therefore falls within § 523(a)(3)(B). The Debtor need not defeat that characterization to prevail. Even assuming Cheley's claim is of a kind described in § 523(a)(6), § 523(a)(3)(B) itself provides that the debt is discharged if Cheley had notice or actual knowledge of the bankruptcy case in time to act.

### B. Rule 4007(c)

Rule 4007(c) fixes the deadline for filing a complaint to determine dischargeability under § 523(c). The complaint must be filed no later than sixty days

---

[12] 11 U.S.C. § 523(a)(3)(A); *In re McIntosh*, 657 B.R. 279, 293-95 (Bankr. S.D. Fla. 2024).

[13] 11 U.S.C. § 523(a)(3)(B).

after the first date set for the § 341 meeting of creditors.[14] A motion to extend that deadline must be filed before the deadline expires.[15] The deadline is strict.

### C. *Alton* and *Ford*

The controlling Eleventh Circuit authority is *Alton*.[16] There, the debtor omitted a creditor from the schedules. The creditor received actual written notice of the bankruptcy proceeding but did not receive formal notice from the bankruptcy court of the creditors' meeting or the deadline to file a dischargeability complaint. After the deadline passed, the creditor sought an extension and argued that the debtor's own misleading conduct caused the missed deadline.

The Eleventh Circuit rejected that argument. It acknowledged that the facts were harsh and that the debtor's conduct was troubling. But the Court held that actual knowledge of the bankruptcy proceeding was sufficient to impose on the creditor a duty to inquire further and timely act. The Court explained that mere knowledge of a pending bankruptcy proceeding is sufficient to bar a later claim of nondischargeability based on lack of formal notice.[17]

The Eleventh Circuit recently reaffirmed *Alton* in *Ford*.[18] *Ford* involved a creditor that was not scheduled, did not receive formal notice of the Rule 4007(c) deadline, but learned of the bankruptcy through a Suggestion of Bankruptcy filed in

---

[14] Fed. R. Bankr. P. 4007(c).

[15] *Id.*; Fed. R. Bankr. P. 9006(b)(3).

[16] *Alton*, 837 F.2d at 458–59.

[17] *Id.* at 459-61.

[18] *Ford*, 147 F.4th at 1354–56.

related litigation. The Eleventh Circuit held that *Alton* remains binding precedent, that Rule 4007(c)'s deadline is not subject to equitable tolling, and that actual notice of the bankruptcy proceeding satisfied due process.[19] These decisions bind this Court.

### IV. Analysis

<u>A. Cheley's Claim Was Discharged Under § 523(a)(3)(B)</u>

The dispositive facts are not disputed. Cheley and his counsel received actual knowledge of this Chapter 7 bankruptcy case through the Suggestion of Bankruptcy filed in the District Court action. The Suggestion identified the bankruptcy case and provided the case number. Cheley received that information nearly three months before the Rule 4007(c) deadline expired.

Under *Alton* and *Ford*, that was enough.

Cheley argues that he did not receive formal notice of the deadline. While that is true, it is not legally sufficient. *Alton* involved the same essential problem: an omitted creditor who received actual knowledge of the bankruptcy proceeding but not formal notice of the relevant dates. The Eleventh Circuit held that actual knowledge of the bankruptcy case imposed a duty to inquire further.[20]

Cheley also argues that the Debtor's own omission caused the lack of formal notice. That is also true. But it still does not change the result under *Alton* and *Ford*. *Alton* expressly recognized that the debtor's conduct may have been misleading,

---

[19] *Id.* at 1358–62.

[20] *Alton*, 837 F.2d at 459–61.

whether inadvertent or intentional, and nonetheless held that the creditor's actual knowledge of the bankruptcy proceeding was sufficient to require timely action.[21]

Nor does the Court find a due process violation. Due process requires notice reasonably calculated to apprise the creditor of the proceeding and afford an opportunity to act. Binding Eleventh Circuit authority holds that actual written notice of the bankruptcy proceeding, received in time to protect dischargeability rights, satisfies that standard.[22]

Cheley had actual knowledge of the bankruptcy case in time to file a dischargeability complaint or move to extend the deadline. He did neither. The consequence under § 523(a)(3)(B), Rule 4007(c), *Alton*, and *Ford* is that the debt was discharged.

### B. *McIntosh* Does Not Require a Different Result

*McIntosh* addressed the common no-asset problem under § 523(a)(3)(A).[23] In a no-asset Chapter 7 case, no claims bar date is set unless assets are discovered. For ordinary omitted debts governed by § 523(a)(3)(A), courts have reasoned that omission may not prejudice the creditor's proof-of-claim rights because there was no claim deadline to miss.[24]

---

[21] *Id*. at 459.

[22] *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *Alton*, 837 F.2d at 460-61; *Ford*, 147 F.4th at 1361-62.

[23] *McIntosh*, 657 B.R. at 293–95.

[24] *Id*.

That reasoning does not control the separate operation of § 523(a)(3)(B). Subsection (B) concerns debts of the kind described in § 523(a)(2), (4), or (6), and protects the creditor's opportunity to timely seek a determination of nondischargeability. That deadline exists in no-asset cases just as it exists in asset cases. Rule 4007(c) does not disappear because the trustee files a report of no distribution.

Thus, *McIntosh* and *Alton* occupy different spaces. *McIntosh* explains why omission of an ordinary creditor in a no-asset case often does not affect discharge under § 523(a)(3)(A). *Alton* explains what happens under § 523(a)(3)(B) when an omitted creditor with a potentially nondischargeable claim has actual knowledge of the bankruptcy case in time to act.

### C. *Paylan* Does Not Create an Intent-Based Exception

Cheley relies on *Paylan* for the proposition that a debtor's fraudulent or intentional omission of a known creditor may matter under § 523(a)(3)(B). *Paylan* does not carry the weight Cheley places on it.

In *Paylan*, the court set an evidentiary hearing on two issues: whether the debtor's failure to schedule the creditor resulted from fraud or intentional design, and whether the creditor had actual notice of the bankruptcy case in time to file a nondischargeability action.[25] The second issue is critical. *Paylan* did not hold that debtor intent defeats discharge even where the creditor had timely actual knowledge of the bankruptcy case.

---

[25] *Regents of the Univ. of Cal. v. Paylan (In re Paylan)*, 390 B.R. 432, 435–37 (Bankr. M.D. Fla. 2008).

Later decisions applying the same statutory framework read the issue consistently with *Alton*.[26] Where the creditor has notice or actual knowledge of the bankruptcy case in time to file a timely complaint, § 523(a)(3)(B) does not permit the creditor to wait until after the deadline and then litigate nondischargeability.

The proper reconciliation is straightforward. Intent may matter where actual knowledge is absent or genuinely disputed; if a debtor intentionally omits a creditor and the creditor does not learn of the bankruptcy case in time to act, § 523(a)(3)(B) may preserve that creditor's right to seek a nondischargeability determination. But where, as here, the creditor had actual knowledge of the bankruptcy case in time to act, *Alton* and *Ford* control.

### D. No Evidentiary Hearing on Intent Is Necessary

The Court considered whether an evidentiary hearing might be necessary to determine why Cheley was omitted from the schedules and Statement of Financial Affairs. After further review of the governing law, the Court concludes that no such hearing is necessary.

An evidentiary hearing is required only if a disputed fact could affect the outcome. The disputed fact Cheley identifies is intent: whether the omission resulted from counsel error, debtor negligence, reckless disregard, or intentional design.

However, that factual dispute would not change the result under *Alton* and *Ford* because Cheley had actual knowledge of the bankruptcy case in time to act. *Alton* expressly contemplated misleading debtor conduct, whether inadvertent or

---

[26] *See, e.g., Ford,* 147 F.4th at 1361–62.

intentional, and still imposed the duty to inquire upon the creditor once actual knowledge existed.[27] *Ford* reaffirmed that rule.[28]

The Court therefore makes no finding regarding the Debtor's intent. The Court does not find that the omission was innocent. The Court does not find that it was intentional. The Court holds only that, on the motion before it, intent is not outcome determinative because timely actual knowledge is undisputed.

### E. The District Court Litigation Cannot Continue Against the Debtor Personally

The consequence of discharge is clear. Because the Cheley debt was discharged, § 524(a)(1) voids any judgment to the extent it determines the Debtor's personal liability on that debt. Section 524(a)(2) also enjoins any act to collect or recover the debt as a personal liability of the Debtor.

This Court does not vacate the District Court's findings or purport to disturb matters beyond the effect of the bankruptcy discharge. But the discharge controls personal liability. As to David Anthony Vranicar personally, Cheley may not obtain entry of judgment, enforce any judgment, proceed with collection activity, or otherwise pursue the discharged claim.

This ruling determines only the effect of the Debtor's discharge on the claims against Vranicar personally. Whatever else may remain in the District Court action as to other parties or issues is for that court to determine. But as to the Debtor's

---

[27] *Alton*, 837 F.2d at 459.

[28] *Ford*, 147 F.4th at 1361–62.

personal liability to Cheley on the discharged claim, the bankruptcy discharge ends the matter.

### F. Sanctions Are Not Appropriate

The Debtor also seeks contempt sanctions, punitive damages, compensatory damages, and attorneys' fees. That relief is denied.

A court may impose civil contempt sanctions for violation of the discharge injunction only where there is no fair ground of doubt as to whether the creditor's conduct was lawful.[29] Stated differently, civil contempt is inappropriate if there is an objectively reasonable basis for concluding that the creditor's conduct might be lawful.

Cheley's position was incorrect, but it was not unreasonable. The Debtor omitted Cheley from the schedules. The Debtor omitted the District Court litigation from the Statement of Financial Affairs. The omission persisted despite later amendments. Debtor's counsel acknowledged that Cheley should have been listed. Section 523(a)(3)(B) is not intuitive, and its interaction with Rule 4007(c), no-asset Chapter 7 practice, and actual knowledge requirement presents a substantial legal issue.

Those facts created a fair ground of doubt regarding whether the discharge injunction applied. That doubt does not defeat the discharge. But it does defeat contempt. The Debtor is entitled to enforcement of the discharge injunction, not sanctions.

---

[29] *Taggart*, 587 U.S. at 561-62.

## V. Ruling

Accordingly, the Court **ORDERS:**

1. The Motion [Dkt. No. 90] is **GRANTED IN PART** and **DENIED IN PART.**

2. Cheley's claim against David Anthony Vranicar was discharged in the Debtor's Chapter 7 case.

3. Any judgment entered in the District Court action is void under § 524(a)(1) to the extent it determines or permits enforcement of personal liability against David Anthony Vranicar on the discharged claim. Cheley is enjoined under § 524(a)(2) from collecting, recovering, enforcing, or attempting to collect, recover, or enforce the discharged claim or any judgment based on that claim as a personal liability of David Anthony Vranicar.

4. The request for civil contempt, punitive damages, compensatory damages, attorneys' fees, costs, or other monetary sanctions is **DENIED.**

5. Within two business days after entry of this Order, counsel for the Debtor shall file a notice in the District Court action attaching a copy of this Order, so that the District Court may take whatever action it deems appropriate consistent with this Court's determination of the effect of the discharge.

*###*

Copies To:
All Parties in Interest.